USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/14/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ANIELLO V. GRIMALDI,

         Plaintiff,

-v-

HIS HOLINESS POPE BENEDICT XVI, The Roman Catholic Church; APOSTALIC NUNCIATURE, MOST REVEREND CARLO MARIA VIGANO; UNITED STATES CONFERENCE OF CATHOLIC BISHOPS; BISHIP LARRY SILVA, Archdiocese of Honolulu; JOHN DOE, Preist,

         Defendants.

------------------------------------------------------------X

TRANSFER ORDER

12 Civ. 0878 (AJN)

ALISON J. NATHAN, United States District Judge:

    1.    Plaintiff, a resident of Bronx, New York, brings this <u>pro se</u> action under the Court's diversity of citizenship subject matter jurisdiction.[1] Plaintiff raises claims arising from the assault and battery he allegedly sustained from a Roman Catholic priest, Defendant "John Doe," after asking him about religious doctrine during a religious service in a church in Honolulu, Hawaii. His claims also arise from his alleged ejectment from that church after the incident with Defendant "John Doe." For the following reasons, this action is transferred to the United States District Court for the District of Hawaii.

    2.    Under 28 U.S.C. § 1391(a), a diversity action may be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim

---

[1] The Court notes that the filing fee has been paid.

occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action commenced, if there is no district in which the action may otherwise be brought."

3. Not all of the Defendants are alleged to reside in the same state and none of them are alleged to reside in New York, let alone in this judicial district. Moreover, the events giving rise to Plaintiff's claims are alleged to have occurred in Honolulu, Hawaii. Thus, venue is not proper in this Court; however, it does lie in the District of Hawaii pursuant to § 1391(a)(2). Accordingly, this action is transferred to the United States District Court for the District of Hawaii. 28 U.S.C. § 1406(a).

4. The Clerk of Court is directed to transfer this action to the United States District Court for the District of Hawaii. The Court waives the provision of Local Civil Rule 83.1 that requires a seven-day delay before the Clerk of Court may effectuate the transfer of this action to the transferee court.

5. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

Dated: February 14, 2012
New York, New York

ALISON J. NATHAN
United States District Judge

COPIES MAILED
TO ~~COUNSEL~~ OF RECORD ON 2/14/12
Pro Se Party